UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
)
SHER LEFF, LLP,                                   )
                                                  )
     Plaintiff / Counterclaim Defendant,   )
                                                  )
v.                                                )
                                                  )   C.A. NO.: 1:14-cv-00026-SM
PAWA LAW GROUP, P.C.,                             )
                                                  )
     Defendant / Counterclaim Plaintiff.   )
_____)

**SHER LEFF LLP'S ANSWER
TO PAWA LAW GROUP, P.C.'S COUNTERCLAIM**

Sher Leff, LLP ("***Sher Leff***") sets forth its Answer to the Counterclaim filed by Pawa Law Group, P.C.'s ("***PLG***") on February 6, 2014 and states as follows:

**ANSWER**

1.     The introductory paragraph of the Answer consists of mere conclusions and prefatory defined terms for which no response is necessary.

2.     Sher Leff admits the allegations of Paragraphs 1, 3 and 4.

3.     In response to Paragraph 2, Sher Leff admits and alleges that it is a law firm organized under California law, that it has offices located at 450 Mission Street, Suite 400, San Francisco, California, that Alexander Leff is the principal and sole owner of Sher Leff, and that Mr. Leff is a California resident.  Sher Leff denies the remainder of the allegations of Paragraph 2.

<u>COUNT I</u>

4.      In response to Paragraph 5, Sher Leff hereby refers to Paragraphs 1 through 4, inclusive, of this Answer and, by this reference, incorporates those paragraphs.

5.      Sher Leff admits the allegations of Paragraph 6.

6.      In response to Paragraphs 7 and 8, Sher Leff admits that it entered into an arbitration agreement with PLG, a copy of which is attached to PLG's Counterclaim as Exhibit A.  Sher Leff admits that the terms of the parties' agreement to arbitration are contained in the Arbitration Agreement.  Sher Leff denies the remainder of the allegations of Paragraphs 7 and 8, which consist solely of PLG's incomplete characterizations of the contents of the Arbitration Agreement and incomplete quotations of certain JAMS rules.

7.      Sher Leff admits the allegations of Paragraph 9.

8.      In response to Paragraph 10, Sher Leff admits that an arbitration hearing before a panel of three arbitrations was held in Boston, Massachusetts, at the JAMS offices, in part, on the days listed in the Counterclaim.  Sher Leff admits and alleges that the arbitration hearing was held pursuant to the Arbitration Agreement, the JAMS Comprehensive Arbitration Rules and Procedures, as well as other laws, rules and procedures.  Sher Leff denies the remainder of the allegations of Paragraph 10.

9.      In response to Paragraph 11, Sher Leff admits the parties submitted numerous post-hearing briefs and that the Panel issued a Final Award on December 18, 2013, a copy of which is attached to PLG's Counterclaim as Exhibit B.  Sher Leff admits that the terms of the Final Award are contained within that document.  Sher Leff denies the remainder of the allegations of Paragraph 11, which consists solely of PLG's incomplete characterizations of the contents of the Final Award.

10.     Sher Leff denies the allegations of Paragraph 12.

11.     In response to Paragraph 13, Sher Leff admits and alleges that it has refused to comply with the Final Award and has not made any payment to PLG based on that award, because, among other things, the Final Award has no force and effect as JAMS was without jurisdiction to issue the Final Award.  Sher Leff denies the remainder of the allegations of Paragraph 13.

12.     In response to Paragraph 14, Sher Leff admits and alleges that it did not pay certain monies that JAMS claimed were due, but were not due.  Sher Leff denies the remainder of the allegations of Paragraph 14.

13.     The allegations contained in Paragraphs 15 and 16 are conclusions of law for which no response is required.  To the extent that any response is necessary, Sher Leff denies the allegations of Paragraphs 15 and 16.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(First To File Rule / *Res Judicata* / Collateral Estoppel)

1.     As a first and separate affirmative defense, Sher Leff alleges that PLG has brought an identical claim and seeks identical relief in an action filed and pending in the United States District Court for the District of Massachusetts, styled as Pawa Law Group, P.C. v. Sher Leff, LLP, Case No. 1:14-cv-10001-RGS (the "***Massachusetts Lawsuit***").  Under the first to file rule, this Court is the appropriate venue for resolution of the parties' dispute, but this Court should not make a substantive ruling on PLG's claims until the Massachusetts Lawsuit is dismissed, transferred or stayed.  To the extent that the District of Massachusetts makes any

substantive ruling or determination on the merits in the Massachusetts Lawsuit, that ruling may constitute *res judicata* and/or collateral estoppel.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Jurisdiction / Award Exceeds Authority)

2.      As a second and separate affirmative defense, Sher Leff alleges that JAMS and the panel of arbitrators exceeded their power and authority in issuing both an "interim award" and the Final Award and that they lacked jurisdiction to issue the Final Award.

## **PRAYER FOR RELIEF**

Wherefore Sher Leff, LLP prays for relief as follows:

(1)      That Pawa Law Group, P.C. take nothing by way of its Counterclaim;

(2)      That the Court deny confirmation of the Final Award issued by JAMS;

(3)      That the Court enter judgment in favor of Sher Leff, LLP;

(4)      For an award of costs, as allowed by law; and

(5)      For all further relief the Court deems just and proper.

4

Respectfully submitted,

SHER LEFF, LLP,

By its attorneys,

Dated: March 3, 2014          */s/ Jon-Jamison Hill*
                             Robert S. Chapman, Esq. (*pro hac vice*)
                             Jon-Jamison Hill, Esq. (*pro hac vice*)
                             EISNER KAHAN GORRY CHAPMAN ROSS & JAFFE
                             9601 Wilshire Blvd., Suite 700
                             Beverly Hills, CA 90210
                             Tel: 310-855-3200
                             Fax: 310-855-3201
                             rchapman@eisnerlaw.com
                             jhill@eisnerlaw.com

Dated: March 3, 2014          */s/ Gregory S. Clayton*
                             Gregory S. Clayton, Esq. (NH Bar No. 274)
                             PRIMMER PIPER EGGLESTON & CRAMER PC
                             P.O. Box 349
                             Littleton, NH 03561-0349
                             Tel: 603-444-4008
                             Fax: 603-444-6040
                             gclayton@primmer.com

                             Thomas J. Pappas, Esq. (NH Bar No. 4111)
                             PRIMMER PIPER EGGLESTON & CRAMER PC
                             P.O. Box 3600
                             Manchester, NH 03105-3600
                             Tel: 603-626-3300
                             Fax: 603-626-0997
                             tpappas@primmer.com

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing Answer has this day been forwarded via the Court's Electronic Case Filing System to:

James F. Ogorchock
jogorchock@sheehan.com

Robert D. Cultice
robert.cultice@wilmerhale.com

*Counsel for Defendant PAWA LAW GROUP, P.C.*


Dated: March 3, 2014              */s/ Gregory S. Clayton*
                                  Gregory S. Clayton, Esq. (NH Bar No. 274)

1634754.1