UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                                         )
SHER LEFF, LLP,                                )
                                                         )
    Plaintiff / Counterclaim Defendant,   )
                                                         )
v.                                                    )
                                                         )    C.A. NO.: 1:14-cv-00026-SM
PAWA LAW GROUP, P.C.,                 )
                                                         )
    Defendant / Counterclaim Plaintiff.    )
_____)

## PLAINTIFF'S PROPOSED DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

NOW COMES Sher Leff LLP ("*Sher Leff*") and hereby submits its proposed Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.1.

**DATE/PLACE OF CONFERENCE:**  None.  Through a motion filed on February 18, 2014, Pawa Law Group, P.C. ("*PLG*") has moved for an order confirming that the rules of discovery do not apply to this proceeding and, specifically, that the parties are not obligated to confer, make or arrange for initial disclosures, and/or prepare and file a discovery plan pursuant to Rule 26(f).  As such, Sher Leff understands that PLG does not intend to join in or provide a discovery plan.

**COUNSEL PRESENT/REPRESENTING:**  N/A

## CASE SUMMARY

**THEORY OF LIABILITY:**  This action stems from a prior arbitration between Sher Leff and PLG in front of JAMS.  Sher Leff initiated this action in State court, seeking a declaratory judgment decreeing that:  (a) the Interim Award issued by JAMS in the arbitration proceedings has no force and effect; (b) as of October 24, 2013, JAMS was without jurisdiction to take any action in the arbitration proceedings, including the issuance of any further orders or awards; and (c) the Final Award issued by JAMS in the arbitration proceedings has no force and effect.

**THEORY OF DEFENSE:**  In defense of PLG's counterclaim seeking to confirm the Final Award, Sher Leff contends that the arbitrators exceeded their powers in a number of ways, including the issuance of the Final Award long after their time to do so had expired under the terms of the parties' arbitration agreement and applicable JAMS rules.

**DAMAGES:**  Sher Leff seeks equitable relief through its claims.

1

**DEMAND:**  April 4, 2014

**OFFER:**  May 2, 2014

**JURISDICTIONAL QUESTIONS:**  In addition to its claims in this action, PLG initiated a lawsuit in the United States District Court for the District Of Massachusetts, styled as *Pawa Law Group, P.C. v. Sher Leff LLP*, Civil Action No. 1:14-cv-10001-RGS (the "***Massachusetts Lawsuit***"), through which PLG seeks identical relief to that which it requests in the instant action.  Sher Leff has challenged PLG's maintenance of concurrent, parallel actions in two separate jurisdictions through motions and/or oppositions filed in both this Court and in the District Of Massachusetts.  Sher Leff maintains that this Court has and should retain jurisdiction over this matter.  However, steps must be taken to dismiss, transfer or stay the Massachusetts Lawsuit before the instant action should proceed on the merits to avoid the possibility of duplicative and conflicting resolutions of the claims.

**QUESTIONS OF LAW:**  PLG contends that the confirmation and/or vacatur of the Final Award is governed by the Federal Arbitration Act.  Sher Leff contends that the laws of the State of New Hampshire apply here.

**TYPE OF TRIAL:**  Bench

## DISCOVERY

**TRACK ASSIGNMENT:**     Expedited – 6 Months

**DISCOVERY NEEDED:**  Sher Leff believes that discovery in this matter will be fairly limited and aimed at the meaning of various terms in the parties' agreement to arbitrate.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**  March 31, 2014

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**  Subject to the right to assert any applicable objections, including but not limited to confidentiality, the parties will respond to any requests for electronic discovery to the extent included in discovery requests. Unless otherwise agreed at a later time, production of any electronic discovery can be in either paper format or as electronic data on a CD in a format readable by currently available commercial software.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**  The parties will submit a proposed order governing claims of privilege or of protection as trial preparation material if needed.

**COMPLETION OF DISCOVERY:**  July 18, 2014

**INTERROGATORIES:**  A maximum of 15 interrogatories by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**  A maximum of 25 requests for admission by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**  A maximum of 3 depositions by plaintiff and 3 by defendant.  Each deposition is limited to a maximum of 4 hours unless extended by agreement of the parties.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

>  **Plaintiff:** June 16, 2014            **Defendant:** June 16, 2014
> Supplementations under Rule 26(e) due July 15, 2014.

The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

**CHALLENGES TO EXPERT TESTIMONY:**  August 1, 2014

## OTHER ITEMS

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  If defendant(s) claim that unnamed parties are at fault on a state law claim (see <u>DeBenedetto v. CLD Consulting Engineers, Inc.</u>, 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault no later than no later than March 17, 2014.  Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**JOINDER OF ADDITIONAL PARTIES:**

>  **Plaintiff:**  April 16, 2014            **Defendant:**  April 16, 2014

**THIRD-PARTY ACTIONS:**  April 16, 2014

**AMENDMENT OF PLEADINGS:**

>  **Plaintiff:**  April 16, 2014            **Defendant:**  April 16, 2014

**DISPOSITIVE MOTIONS:**

>  **To Dismiss:**  May 16, 2014
> **For Summary Judgment:**  May 16, 2014

**SETTLEMENT POSSIBILITIES:**  Sher Leff requested that the parties engage in early mediation, but PLG has not responded to that request.  Based on PLG's lack of response, Sher Leff assumes that settlement is unlikely.

**JOINT STATEMENT RE MEDIATION:**  Sher Leff requested that the parties engage in early mediation, but PLG has not responded to that request.  Absent PLG's agreement to engage in mediation, Sher Leff assumes that no mediation will occur.

**WITNESSES AND EXHIBITS:**  Deadline for filing witness and exhibit lists, and objections thereto, will be set by the clerk's notice of trial assignment.  Witness and exhibit lists are to be included in final pretrial statements and are due 10 days before the final pretrial conference, but not less than thirty days before trial.  Objections are due 14 days after service of the final pretrial statement.

**TRIAL ESTIMATE:**  3 days

**TRIAL DATE:**  September 16, 2014

**PRELIMINARY PRETRIAL CONFERENCE:**  A preliminary pretrial conference is set for March 10, 2014.

**OTHER MATTERS:**  As discussed above and in Sher Leff's other recent filings with the Court, PLG continues to maintain a parallel lawsuit seeking identical relief in another jurisdiction.  Sher Leff seeks the Court's guidance as to the effect the Massachusetts Lawsuit will have on the procedure and scheduling for this lawsuit. Sher Leff has just been notified that as result of a motion it filed in the Massachusetts Lawsuit, that action has been ordered transferred to this Court.

Respectfully submitted,

SHER LEFF, LLP,

By its attorneys,

Dated: March 3, 2014        */s/ Jon-Jamison Hill*
Robert S. Chapman, Esq. (*pro hac vice*)
Jon-Jamison Hill, Esq. (*pro hac vice*)
EISNER KAHAN GORRY CHAPMAN ROSS & JAFFE
9601 Wilshire Blvd., Suite 700
Beverly Hills, CA 90210
Tel: 310-855-3200
Fax: 310-855-3201
rchapman@eisnerlaw.com
jhill@eisnerlaw.com

Dated: March 3, 2014        */s/ Gregory S. Clayton*
Gregory S. Clayton, Esq. (NH Bar No. 274)
PRIMMER PIPER EGGLESTON & CRAMER PC
P.O. Box 349
Littleton, NH 03561-0349
Tel: 603-444-4008
Fax: 603-444-6040
gclayton@primmer.com

Thomas J. Pappas, Esq. (NH Bar No. 4111)
PRIMMER PIPER EGGLESTON & CRAMER PC
P.O. Box 3600
Manchester, NH 03105-3600
Tel: 603-626-3300
Fax: 603-626-0997
tpappas@primmer.com

## CERTIFICATE OF SERVICE

A copy of the foregoing Proposed Discovery Plan has this day been forwarded via the Court's Electronic Case Filing System to:

James F. Ogorchock
jogorchock@sheehan.com

Robert D. Cultice
robert.cultice@wilmerhale.com

*Counsel for Defendant PAWA LAW GROUP, P.C.*

Dated: March 3, 2014        */s/ Gregory S. Clayton*
                            Gregory S. Clayton, Esq. (NH Bar No. 274)

1634601.3