UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SHER LEFF, LLP, <br>     Plaintiff / Counterclaim Defendant, <br> v. <br> PAWA LAW GROUP, P.C., <br>     Defendant / Counterclaim Plaintiff, <br><br> and <br><br> PAWA LAW GROUP, P.C., <br>     Plaintiff, <br> v. <br> SHER LEFF, LLP, <br>     Defendant. | C.A. NO.: 1:14-cv-00026-SM <br> *and 1:14-cv-00094-LM* <br> *Consolidated* |

### SHER LEFF, LLP'S ANSWER TO PAWA LAW GROUP, P.C.'S COMPLAINT TO CONFIRM ARBITRATION AWARD

Sher Leff, LLP ("***Sher Leff***") sets forth its Answer to the Complaint To Confirm Arbitration filed by Pawa Law Group, P.C.'s ("***PLG***") on January 1, 2014 and states as follows:

### ANSWER

1. The introductory paragraph of the Answer consists of mere conclusions and prefatory defined terms for which no response is necessary.

2. Sher Leff admits the allegations of Paragraphs 1, 3 and 4.

3. In response to Paragraph 2, Sher Leff admits and alleges that it is a law firm organized under California law, that it has offices located at 450 Mission Street, Suite 400, San Francisco, California, that Alexander Leff is the principal and sole owner of Sher Leff, and that Mr. Leff is a California resident.  Sher Leff denies the remainder of the allegations of Paragraph 2.

1

4.      Sher Leff denies the allegations of Paragraph 5.

FIRST CAUSE OF ACTION

5.      In response to Paragraph 6, Sher Leff hereby refers to Paragraphs 1 through 5, inclusive, of this Answer and, by this reference, incorporates those paragraphs.

6.      Sher Leff admits the allegations of Paragraph 7.

7.      In response to Paragraphs 8 and 9, Sher Leff admits that it entered into an arbitration agreement with PLG, a copy of which is attached to PLG's Complaint as Exhibit A. Sher Leff admits that the terms of the parties' agreement to arbitrate are contained in the Arbitration Agreement. Sher Leff denies the remainder of the allegations of Paragraphs 8 and 9, which consist solely of PLG's incomplete characterizations of the contents of the Arbitration Agreement and incomplete quotations of certain JAMS rules.

8.      In response to Paragraph 10, Sher Leff admits that an arbitration hearing before a panel of three arbitrations was held in Boston, Massachusetts, at the JAMS offices, in part, on the days listed in the Counterclaim. Sher Leff admits and alleges that the arbitration hearing was held pursuant to the Arbitration Agreement, the JAMS Comprehensive Arbitration Rules and Procedures, as well as other laws, rules and procedures. Sher Leff denies the remainder of the allegations of Paragraph 10.

9.      In response to Paragraph 11, Sher Leff admits the parties submitted numerous post-hearing briefs and that the Panel issued a Final Award on December 18, 2013, a copy of which is attached to PLG's Complaint as Exhibit B. Sher Leff admits that the terms of the Final Award are contained within that document. Sher Leff denies the remainder of the allegations of Paragraph 11, which consists solely of PLG's incomplete characterizations of the contents of the Final Award.

10. In response to Paragraph 12, Sher Leff admits and alleges that it has refused to comply with the Final Award and has not made any payment to PLG based on that award, because, among other things, the Final Award has no force and effect as JAMS was without jurisdiction to issue the Final Award. Sher Leff denies the remainder of the allegations of Paragraph 12.

11. In response to Paragraph 13, Sher Leff admits and alleges that it did not pay certain monies that JAMS claimed were due, but were not due. Sher Leff denies the remainder of the allegations of Paragraph 13.

12. The allegations contained in Paragraph 14 are conclusions of law for which no response is required. To that extent that any response is necessary, Sher Leff denies the allegations of Paragraph 14.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Lack of Jurisdiction / Award Exceeds Authority)

1. As a first and separate affirmative defense, Sher Leff alleges that JAMS and the panel of arbitrators exceeded their power and authority in issuing both an "interim award" and the Final Award and that they lacked jurisdiction to issue the Final Award.

## PRAYER FOR RELIEF

Wherefore Sher Leff, LLP prays for relief as follows:

(1) That Pawa Law Group, P.C. take nothing by way of its Complaint;

(2) That the Court deny confirmation of the Final Award issued by JAMS;

(3) That the Court enter judgment in favor of Sher Leff, LLP;

(4) For an award of costs, as allowed by law; and

(5) For all further relief the Court deems just and proper.

                                    Respectfully submitted,

                                    SHER LEFF, LLP,

                                    By its attorneys,

Dated: March 17, 2014         */s/ Robert S. Chapman*
                                    Robert S. Chapman, Esq. (*pro hac vice*)
                                    Jon-Jamison Hill, Esq. (*pro hac vice*)
                                    EISNER JAFFE GORRY CHAPMAN & ROSS
                                    9601 Wilshire Blvd., Suite 700
                                    Beverly Hills, CA 90210
                                    Tel: 310-855-3200
                                    Fax: 310-855-3201
                                    rchapman@eisnerlaw.com
                                    jhill@eisnerlaw.com

Dated: March 17, 2014         */s/ Gregory S. Clayton*
                                    Gregory S. Clayton, Esq. (NH Bar No. 274)
                                    PRIMMER PIPER EGGLESTON & CRAMER PC
                                    P.O. Box 349
                                    Littleton, NH 03561-0349
                                    Tel: 603-444-4008
                                    Fax: 603-444-6040
                                    gclayton@primmer.com

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Answer has this day been forwarded via the Court's Electronic Case Filing System to:

James F. Ogorchock
jogorchock@sheehan.com

Robert D. Cultice
robert.cultice@wilmerhale.com

*Counsel for PAWA LAW GROUP, P.C.*

Dated: March 17, 2014          */s/ Gregory S. Clayton*
                              Gregory S. Clayton, Esq. (NH Bar No. 274)

1648690.1