UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SHER LEFF, LLP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAWA LAW GROUP, P.C., )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 1:14-cv-00026-SM<br>consolidated with No. 1:14-cv-00094-LM |

## PAWA LAW GROUP, P.C.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO CONFIRM INAPPLICABILITY OF DISCOVERY RULES TO ACTION TO ENFORCE ARBITRATION AWARD

Sher Leff essentially concedes that, if the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA") applies to PLG's Motion to Confirm Arbitration Award ("PLG's Motion"), Sher Leff is not entitled to discovery and this Court should proceed with the summary motion proceeding required by the FAA. Sher Leff, however, offers no credible reason why the FAA does not apply to PLG's Motion, or why in the absence of a timely motion to vacate by Sher Leff, this Court should not proceed to confirm the Final Award as requested by PLG.

First, the well-settled default rule is that the FAA applies to an arbitration agreement "evidencing a transaction involving commerce," absent a clear statement by the parties that they intend to arbitrate under a state arbitration act. *See* 9 U.S.C. § 2; *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (holding "involving commerce" language of FAA section 2 exercises Congress' commerce power to the full); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995) (test is whether there in fact was interstate commerce under the contract, not what the parties contemplated would occur); *Painewebber Inc. v. Elahi*, 87 F.3d 589, 594 (1st Cir. 1996) (agreement with New York choice of law provision but providing for arbitration under the rules

of national association of securities dealers indicated parties' intent not to apply state arbitration law); *Leader Tech. Co. v. MultiNational Res., Inc.*, 2004 DNH 178, 3-4.

In *Leader Tech*, the parties' agreement required the application of New Hampshire substantive law to their dispute but, with respect to the arbitration law, provided that disputes between them would be settled by binding arbitration "'conducted in the State of New Hampshire in accordance with the Commercial Arbitration Rules of the American Arbitration Association.'" *Leader Tech.*, 2004 DNH 178, 3. The case was removed and this Court rejected an argument for application of state arbitration law, presented in opposition to a motion to confirm, because "[i]f the parties intend that state arbitration laws govern their proceedings, however, that intent must be stated clearly to avoid the presumption that the FAA governs arbitration." *Id.* at 4.

Here, the interstate commerce requirement is amply satisfied. PLG and Sher Leff are law firms formed under the laws of Massachusetts and California, respectively; both firms signed the 2010 Legal Services Agreement ("LSA") with the State of New Hampshire (the "State") under which legal services were provided; the legal services were provided in different states and the payments made to the firms for their work were made across state lines to the firms' respective offices in Massachusetts and California. *See Alafabco*, 539 U.S. at 57 (FAA applies where party to arbitration "engaged in business" across state lines); *Chartis Seguros Mex., S.A. v. HLI Rail & Rigging, LLC*, 2013 U.S. Dist. LEXIS 118070, at *12 (S.D.N.Y. Aug. 20, 2013) ("Courts have consistently held that contracts between corporations from different states give rise to a finding of interstate commerce."). Pursuant to the 2010 LSA, PLG and Sher Leff litigated against oil company defendants located all over the country and in Canada. *See, e.g., State v. N. Atl. Ref., Ltd.*, 999 A.2d 396, 401 (N.H. 2010) (holding Canadian defendant in *State v. Hess* ("*Hess*")

subject to personal jurisdiction); 9 U.S.C. § 1 (definition of "commerce" under FAA "means commerce among the several States or with foreign nations"). And, both PLG and Sher Leff litigated the *Hess* case in federal court in New York City for four years due to removal and transfer under the federal multi-district litigation rules. *See* Final Award at 11 (previously attached as Exh. A to Decl. of James Ogorchock in support of PLG's Motion to Confirm the Arbitration Award; filed Jan. 23, 2014); *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 115 (2d Cir. 2007) (remanding *Hess* case to state court). Following remand, PLG and Sher Leff litigated the case in New Hampshire. And PLG and Sher Leff entered into an interstate arbitration agreement.

There also is no dispute that the panel notified the parties expressly at the beginning of the proceeding that the arbitration would be conducted under the FAA and re-confirmed the applicability of the FAA in written orders issued on at least two other occasions during the arbitration. The arbitration panel ruled in its first case management order ("CMO") issued in March 2013 that the "applicable law" would be "[t]he Federal Arbitration Act and the JAMS Comprehensive Rules and Procedures." Report of Preliminary Arbitration Teleconference and Case Management Order No. 1, at 4 (Mar. 21, 2013) (emphasis added) (previously attached as Exh. D to Ogorchock Decl.). The parties subsequently agreed, during the arbitration process, that the substantive law of New Hampshire would govern their contract dispute regarding the division of fees in *Hess*; the panel then issued two more CMOs again invoking the FAA as the applicable *arbitration* law and invoking New Hampshire law only as the "substantive law." *See* Case Management Order No. 2, at 4 (Apr. 23, 2013) (previously attached as Exh. E to Ogorchock Decl.); Case Management Order No. 3, at 4 (May 21, 2013) (previously attached as Exh. F to Ogorchock Decl.). If state arbitration law rather than the FAA were somehow

applicable, it would make no sense for the panel to invoke the FAA as the applicable arbitration law *after* the parties had agreed that the substantive law of New Hampshire would govern their contract dispute.

Thus, Sher Leff's contention that the arbitrators applied New Hampshire state law in the underlying arbitration proceeding is misleading: Sher Leff fails to mention that New Hampshire *substantive* law applied to the parties' *substantive* claims, but not to the arbitration proceeding, which, as set forth above, was conducted under the FAA and the JAMS Rules.

The panel again expressly refers to the FAA as "governing law" in the Final Award. *See* Final Award at 7. And, as the Massachusetts federal court correctly found in issuing its order transferring PLG's case to this Court: "A hearing *under the Federal Arbitration Act* was held in Boston in July and August of 2013, before a panel of three JAMS arbitrators deciding the relative rights of the parties." *Pawa Law Group, P.C. v. Sher Leff, LLP*, No. 1:14-cv-10001-RGS (D. Mass. Mar. 3, 2014) (electronic order) (emphasis added).

Despite having actual notice of the applicability of the FAA months before the arbitration hearing began, as well as an explicit admonition by the arbitrators to speak up if the parties' disagreed, Sher Leff never once objected to the application of the FAA and at no time during the entire arbitration proceeding ever contended that the arbitration was being conducted under the New Hampshire arbitration statute. Indeed, Sher Leff did not raise the inapplicability of the FAA until the filing of its complaint in the New Hampshire state court, after the Final Award had been issued and it had lost on nearly every claim.

Against the well-settled law regarding the applicability of the FAA, Sher Leff argues that the state court action removed by PLG to this Court involves only state law claims, which cannot be "transmuted solely because of removal." Objection at ¶ 3. This argument is far from clear,

- 4 -

but presumably means that the FAA is rendered inapplicable if the losing party in an arbitration files a complaint challenging the arbitration award in a state court before the winner files to confirm in a federal court. Sher Leff provides no case law to support this novel legal theory, nor is PLG aware of any such case. The *Leader Tech* case, *supra*, is to the contrary.

Finally, Sher Leff's argument regarding preemption is beside the point: the issue is contract interpretation, not preemption. As stated above, the default rule is that the FAA applies unless the parties provide a clear statement of their intention to arbitrate under a state arbitration act. Accordingly, Sher Leff's reliance on *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468 (1989), is inapposite because there the parties had *agreed* to abide by state rules of arbitration. *See id.* at 479.

Sher Leff has not shown that the parties agreed to arbitrate under the New Hampshire arbitration statute, much less has it identified the clear statement required by well-settled law before the FAA can be found inapplicable. The FAA, not state law, applies. And just as in *Leader Tech*, *supra*, no further motion practice is necessary: the motion to confirm squarely presents the issue of whether the FAA or state law applies and the issue should be decided at this time. Sher Leff's argument in favor of state law is simply another delay tactic to try to complicate this summary proceeding and postpone a decision by the Court on PLG's motion to confirm.

PLG respectfully requests the Court grant its Motion to Confirm Inapplicability of Discovery Rules.

Dated: March 19, 2014

                                        Respectfully submitted,

                                        PAWA LAW GROUP, P.C.

By its counsel,

*/s/ James F. Ogorchock*
James F. Ogorchock (NH Bar # 9360)
Sheehan Phinney Bass + Green PA
1000 Elm Street, P.O. Box 3701
Manchester, NH 03105
(603) 627-8233
jogorchock@sheehan.com

Robert D. Cultice (Mass. BBO # 108200)
(admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Robert.Cultice@Wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that counsel of record for plaintiff were served via the CM/ECF system.

*/s/ James F. Ogorchock*
James F. Ogorchock (NH Bar # 9360)