UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SHER LEFF LLP, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>PAWA LAW GROUP, P.C., )<br>)<br>Defendant. )<br>)<br>_____) | Civil Action No. 1:14-cv-00026-SM<br>consolidated with No. 1:14-cv-00094-LM |

### **[PROPOSED] JUDGMENT**

The Court, by Order dated _____, having confirmed the final award dated December 10, 2013 ("Final Award"), in favor of Pawa Law Group, P.C. and against Sher Leff, LLP ("Sher Leff") in the JAMS-administered arbitration between Pawa Law Group, P.C. and Sher Leff entitled *Pawa Law Group, P.C. v. Sher Leff, LLP*, Reference No. 1400014271, and the Final Award having been duly filed with all of the papers required under the Federal Arbitration Act, 9 U.S.C. § 13;

JUDGMENT is hereby entered pursuant to the Final Award:

1. For Pawa Law Group, P.C. and against Sher Leff LLP in the amount of $5,621,803 on Pawa Law Group, P.C.'s claim for breach of the 2010 Legal Services Agreement ("LSA");

2. For Pawa Law Group, P.C. and against Sher Leff LLP on Pawa Law Group, P.C.'s Declaratory Judgment claim for 22% of any contingency fees arising from the ExxonMobil verdict, judgment or settlement, all in accordance with the 2010 LSA;

3. For Pawa Law Group, P.C. and against Sher Leff LLP on Pawa Law Group, P.C.'s request to be placed in control of the Revolving Fund and directing Sher

1

    Leff, immediately upon the State of New Hampshire's consent to Pawa Law Group, P.C. being placed in control of the Revolving Fund, to take whatever action is necessary to remove itself from control of the Revolving Fund that it presently controls and to take whatever action is necessary to place Pawa Law Group, P.C. in control of the Revolving Fund, as set forth in the Final Award;

4.  For Pawa Law Group, P.C. and against Sher Leff LLP in the amount of $1,126,277, for attorneys' fees incurred by Pawa Law Group, P.C.;

5.  For Pawa Law Group, P.C. and against Sher Leff LLP in the amount of $94,122.84, for prejudgment interest awarded by the arbitrators to Pawa Law Group, P.C. as of December 10, 2013, which is the date the arbitrators signed the Final Award;

6.  For Pawa Law Group, P.C. and against Sher Leff LLP on Pawa Law Group's claim for arbitration costs and directing Sher Leff LLP to pay all JAMS administrative costs and arbitrator's fees until the conclusion of the arbitration without any contribution from Pawa Law Group, P.C. including the net amount of $48,679.28 (representing JAMS' final invoice of $51,079.28 that Sher Leff LLP refused to pay and that Pawa Law Group, P.C. was compelled to pay, less a $2400 credit received by Pawa Law Group, P.C. from JAMS);

7.  For Pawa Law Group, P.C. and against Sher Leff LLP dismissing with prejudice all of Sher Leff's counter-claims, claims and defenses that were dismissed by the arbitrators, including without limitation, Sher Leff LLP's claim for attorneys' fees and costs; and

8.  For Pawa Law Group, P.C. and against Sher Leff LLP on Sher Leff LLP's claims and counterclaims asserted in this consolidated civil action, Pawa Law Group, P.C. v. Sher Leff LLP, Nos. 1:14-cv-00026-SM and 1:14-cv-00094-LM, which claims and counterclaims are dismissed with prejudice.

IT IS FURTHER ORDERED that (1) judgment is entered in favor of Pawa Law Group, P.C. and against Sher Leff LLP a/k/a Sher Leff PC for prejudgment interest to Pawa Law Group, P.C. as per N.H. Rev. Stat. Ann. § 336:1, II and as set forth at

http://www.courts.state.nh.us/sitewidelinks/interest.htm in the amount of 2.1 percent multiplied by $6,890,882.12 multiplied by the number of days from December 10, 2013 until entry of judgment divided by 365; and (2) judgment is entered in favor of Pawa Law Group, P.C. and against Sher Leff LLP a/k/a Sher Leff PC for post-judgment interest to Pawa Law Group, P.C.

Dated: _____ IT IS SO ORDERED

_____
Hon. Steven J. McAuliffe
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that counsel of record for plaintiff were served via the CM/ECF system.

>                     /s/ James Ogorchock
>                     James Ogorchock (NH Bar # 9360)