UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sher Leff, LLP,
        Plaintiff/Counter-Defendant

        v.                                    Case No. 14-cv-26-SM
                                              Opinion No. 2014 DNH 073
Pawa Law Group, P.C.,
        Defendant/Counter-Claimant


**O R D E R**

        The parties, two law firms, entered into straight-forward
fee sharing arrangement, memorialized in a written contract.
Under the terms of that contract, Sher Leff was to receive 78%
and PAWA 22% of attorney's fees recovered in an environmental
damage suit brought on behalf of the State of New Hampshire
against several manufacturers of gasoline containing MBTE (which
later found its way into the ground and groundwater).  The fees
recovered in that litigation have been substantial - millions of
dollars - and are expected to be even more substantial in the
near future.  This litigation arose after Sher Leff decided PAWA
was not entitled to its share of the recovered attorney's fees
under the parties' contract.


**Background**

        Initially, New Hampshire's Attorney General retained PAWA
and directed it to recommend additional litigation counsel to
assist in handling the case - specifically, a firm that was

experienced in handling environmental litigation of this sort,
and one financially capable of supporting what was expected to be
an expensive undertaking.  PAWA recommended Sher Leff, and the
Attorney General accepted that referral.  As the litigation
proceeded, and named defendants began settling the cases,
recovered attorney's fees were collected and paid into a
revolving account managed by Sher Leff under the terms of the
parties' fee-sharing agreement.  For a time, the recovered fees
were duly split between the two firms as agreed.

But, human nature being what it sometimes is, as larger and
larger sums were recovered, Sher Leff decided that it might be
"unethical," or at least a breach of the fee splitting agreement,
for it to continue to pay over the agreed upon 22% to PAWA and,
conversely, that it should, both ethically and contractually,
retain a much larger share.  After all, Sher Leff seemingly
reasoned, it was pulling the laboring oar in the underlying
environmental litigation.  Moreover, the fee-sharing agreement
contained language that incorporated by reference obligations
owed by counsel under the applicable Code of Professional
Responsibility.  The Code, Sher Leff pointed out, precluded fee
splitting when the share paid to co-counsel did not reflect
proportional time, effort, or responsibility in carrying out the
legal work.  N.H. R. Prof. Conduct 1.5.  Because, in Sher Leff's
evolving view, PAWA did not contribute 22% of the time and

effort, or assume 22% of the responsibility for the litigation, Sher Leff just couldn't bring itself to continue to disperse that disproportionate amount to co-counsel (the co-counsel that brought Sher Leff into the case in the first place).

With some urging by the Attorney General, the parties agreed to arbitrate the dispute, such as it was.  They entered into an arbitration agreement and participated in a lengthy and costly proceeding before three highly qualified arbitrators.  The arbitrators carefully considered the testimony offered, reams of documents, argument by counsel, and written materials, before concluding, in a comprehensive analytical opinion, that Sher Leff's position was untenable in every respect.

## Discussion

A detailed review of the issues raised below and asserted here on review is unnecessary and unwarranted.  The thorough, thoughtful, and well-supported decision of the arbitrators speaks for itself.  And, proceedings brought under the Federal Arbitration Act to confirm, vacate, or modify an arbitration award are summary in nature.  Cf. Air Line Pilots Ass'n Intern. v. Aviation Assoc., Inc., 955 F.2d 90, 92 (1st Cir. 1992).  See also Grant v. Houser, 2012 WL 975060, at *4 (5th Cir. 2012).

Suffice it to say that the arbitration panel found that the fee agreement did not require proportionality as a condition to PAWA's entitlement to 22% and, even if it did, PAWA met the proportionality condition espoused by Sher Leff.  Consequently, the arbitration panel concluded that PAWA is entitled to its full share of the recovered fees.  The arbitration panel also concluded that PAWA was entitled to its attorney's fees for having been unnecessarily forced to arbitrate its rights and interests under the parties' fee-sharing agreement.  To the extent Sher Leff now claims the arbitrators did not have the authority under the arbitration agreement to award those fees, it is mistaken.  The arbitrators construed the agreement to permit a fee award, and the court agrees (interestingly, and contradictorily, Sher Leff also sought an award of attorney's fees in the arbitration).  Moreover, an award was plainly warranted under applicable New Hampshire law.

Sher Leff's claim that the arbitrators were without jurisdiction because the final award was issued beyond the thirty day period set in the applicable rules is also meritless, given that that issue itself was subject to arbitration and the arbitration panel properly resolved it against Sher Leff (Sher Leff was properly held to have waived the period with respect to supplemental attorney's fees consideration, by its statements and

4

conduct, and it was hardly unreasonable for the arbitrators to so conclude).

### Conclusion

The arbitration award is confirmed in all respects.  Sher Leff's Petition for Declaratory Judgment (see document no. 1-1) and its Motion to Strike (document no. 10) are denied.[1]  PAWA's Motion to Confirm Arbitration Award (document no. 3) is granted.  PAWA's Motion for an Expedited Hearing (document no. 12), as well as its motion to Confirm Inapplicability of Discovery Rules (document no. 13), are denied as moot.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 14, 2014

cc:  Gregory S. Clayton, Esq.
     Jon-Jamison Hill, Esq.
     Robert S. Chapman, Esq.
     Thomas J. Pappas, Esq.
     Robert D. Cultice, Esq.
     James F. Ogorchock, Esq.

---

[1]     At the hearing on March 21, 2014, counsel for both parties agreed that their respective pleadings and filings, taken together, should be treated as "a motion to vacate and a motion to confirm" the arbitrators' decision.