```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

Sher Leff, LLP


        v.                          Case No. 14-cv-026-SLM

Pawa Law Group, P.C.



O R D E R

On April 14, 2014, the court granted the defendant's Motion to Confirm Arbitration Award and denied the plaintiff's Petition for Declaratory Judgment. (Doc. No. 33). On April 29, 2014, pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. §1920, the defendant submitted a bill of costs in the amount of $3,816.78. (Doc. No. 35). On May 14, 2014, the plaintiff filed a Notice of Appeal. (Doc. No. 38). To date, the plaintiff has filed no objection to the defendant's bill of costs.

Following the entry of a final judgment, "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the [appellate court] and divests the

1

district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Deja Vu of Nashville, Inc. v. Metropolitan Government of Nashville, 274 F.3d 377 (6th Cir. 2001), cert. denied, 122 S. Ct. 1952 (2002). This general rule of divested jurisdiction does not preclude the district court from ruling on "collateral" or "ancillary" matters, such as a request for costs. See Kira, Inc. v. All Star Maint., Inc., 294 Fed. Appx. 139, 141 (5th Cir. 2008) (costs and attorneys' fees are collateral matters such that appeal does not divest district court of jurisdiction); Walsh v. Kelly, 203 F.R.D. 597 (D. Nev. 2001) (notice of appeal did not divest lower court of jurisdiction to rule on request for costs and fees for failure to accept offer of judgment).

While this court may have jurisdiction to rule on a bill of costs pending appeal, its Local Rules contemplate that the issue be deferred until after the time to file an appeal has expired or after the issuance of a mandate if an appeal was timely taken. Specifically, LR 54.1(a) requires a bill of costs be filed "within twenty-one (21) days after the time for appeal has expired or within twenty-one (21) days after the issuance of the mandate of the

2

appellate court."  Thus, the local rules in this judicial district require that the clerk refrain from issuing a bill of costs during the pendency of an appeal of a judgment on the merits.  See 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶54.100[1][a] (3d ed. 2013) ("[I]f the motion for costs is filed before the appeal, the district court may choose to wait for the disposition of the appeal before reviewing the clerk's taxation of costs.").

For the foregoing reasons, the clerk will defer ruling on the bill of costs until the appeal has been decided, and a mandate is issued, by the Court of Appeals for the First Circuit.  Within twenty-one (21) days after the issuance of the First Circuit's mandate, and depending upon the resolution on the merits of the appeal, the defendant's counsel shall file a notice indicating whether it wants to renew or otherwise amend the pending bill of costs.  Opposing counsel will then have an opportunity to file an objection.

The Clerk of Court, Daniel J. Lynch, is recused in this matter, and thus, unavailable to act on the pending bill of costs.  Accordingly, pursuant to 28 U.S.C. § 954, action on the bill of costs was taken by the court's Chief Deputy Clerk in the clerk's name.

3

SO ORDERED.

June 3, 2014                                  /s/ Pamela E. Phelan (for)
                                              Daniel J. Lynch
                                              Clerk


cc:   Gregory S. Clayton, Esq.
      Jon-Jamison Hill, Esq.
      Robert S. Chapman, Esq.
      Thomas J. Pappas, Esq.
      Robert D. Cultice, Esq.
      James F. Ogorchock, Esq